SHORTESS, Judge.
Kyle Allen Kleinpeter (plaintiff) filed suit against the State of Louisiana through the Department of Corrections (DOC) for injuries sustained while incarcerated at Hunt Correctional Institute (Hunt). Plaintiff was an inmate trusty and worked as a horse handler. He was injured while riding a horse at Hunt. There were no witnesses to the accident, but apparently plaintiff struck a tree and was knocked off the horse. When plaintiff was found lying on the ground, he was unconscious and had severe injuries to his right knee.
Plaintiff alleged that DOC was negligent in failing to properly break and train its horses or, in the alternative, that DOC was strictly liable under Civil Code article 2321 because it owned the horse which caused his injuries. The trial court adopted the commissioner’s report which found the DOC was not negligent, that DOC was strictly liable under article 2321, that plaintiff was entitled to general damages of $20,000.00 and special damages of $2,271.23, and that plaintiff’s award should be reduced by 15% because of his contributory negligence. DOC has appealed, assigning two errors: (1) the trial court erred in holding DOC strictly liable; and (2) the trial court erred in apportioning plaintiff’s fault at only 15%.
FACTS
Hunt maintains twenty horses ridden by armed guards overseeing prisoners working in the fields. Five inmates are chosen to act as “horse boys,” catching and saddling the horses for the guards in the mornings and returning the horses to the bam in the late afternoons.. Each horse handler was assigned certain horses to saddle in the mornings, but in the afternoons the handlers took the horses as the guards came in from the fields, in no particular order.
On September 24, 1982, three trusties including plaintiff, were handling seventeen horses. Plaintiff took the last horses returned by the guards, which included Red Devil, the largest horse at Hunt. Plaintiff testified that he had never ridden Red Devil. He knew, however, that Don Deville, Red Devil’s morning handler, rode the horse because he had a tendency to bite the other horses and break up the line. After plaintiff mounted Red Devil, the horse began jerking his head up and down in an attempt to slip the bridle from his mouth. Red Devil broke into a full run, completely out of control, and plaintiff was unable to regain control. Red Devil then ran toward a tree. Plaintiff could not remember striking the tree, but he testified his last thought before losing consciousness was that he was going to hit the tree.
STRICT LIABILITY OF DOC
The trial court found that DOC, as the owner of Red Devil, is strictly liable under Civil Code article 2321, which provides: “The owner of an animal is answerable for the damage he has caused; ...” DOC contends that this article is inapplicable in this case because it should be liable for injuries sustained by inmates only if it is negligent. DOC cites no authority for this position but maintains it is against public policy “to make the public purse strictly liable to a prisoner.” This argument is without merit; recovery under article 2321 for damages caused by animals is not restricted to free men.
DOC also contends that it cannot be liable under article 2321 because Red Devil was a trained work animal being ridden as part of plaintiff’s job. DOC cites as authority Fontenot v. Soileau, 336 So.2d 1006 (La.App. 3d Cir.1976), and Alfonso v. Market Facilities of Houston, Inc., 356 So.2d 86 (La.App. 1st Cir.), writ denied, 357 So.2d 1169 (La.1978), which held that a *58 horse owner is not strictly liable for damage sustained by a third party injured while riding the owner’s horse because the horse is under the care, custody, and control of the victim, not the owner, at the time of the injury. However, Fontenot and Alfonso were tacitly overruled by the Louisiana Supreme Court in Rozell v. Louisiana Animal Breeders Cooperative, 496 So.2d 275 (La.1986), wherein the court stated: “Under C.C. 2321 the animal’s master has an obligation to keep his animal under such ‘garde’ that it does no damage to others. This obligation continues even if the owner places his animal in the custody of another.” 496 So.2d at 277 (emphasis added). Thus, DOC, as owner of Red Devil, is answerable to plaintiff for the injuries caused by Red Devil.
NEGLIGENCE OF PLAINTIFF
DOC contends that plaintiff's recovery should be barred or reduced by 50% because of his negligence. DOC suggests in brief that plaintiff could have jumped from the horse before he hit the tree or that plaintiff could have walked the horses back instead of riding Red Devil. DOC produced no evidence at trial that plaintiff could have safely jumped from Red Devil. If we speculated, we could easily say that had plaintiff jumped from this horse while' at full gallop, he may have sustained more serious injuries than he actually received. Furthermore, Sgt. Randy Stuard, the corrections officer in charge of all horses at Hunt, testified that four to five guards would have been delayed thirty to forty minutes in finishing their work had plaintiff walked all six horses back rather than attempting to ride Red Devil.
In Rozell, 496 So.2d at 279-80, the Supreme Court stated that victim fault remains a defense to an action under article 2321, but only if the victim’s fault is “at least a substantial cause” of the accident. Kyle Kleinpeter did nothing to “cause” this accident, and thus his recovery should not be barred, nor should it have been reduced. The judgment of the trial court reducing plaintiff’s recovery by 15% is final, however, because plaintiff failed to appeal or answer DOC’s appeal.
CONCLUSION
For the foregoing reasons, the judgment of the trial court in favor of Kyle Allen Kleinpeter and against the State of Louisiana through the Department of Corrections is affirmed at appellant’s costs.
AFFIRMED.
CARTER, J., dissents.